UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

Robert Lewis, et al.,

                Plaintiff,

v.

United States of America, et al.,

                Defendants.

Case No. 3:18-cv-05196-TLF

ORDER GRANTING IN PART MOTION FOR LEAVE TO DISMISS AND DENYING MOTION FOR SUMMARY JUDGMENT AS MOOT

Plaintiffs brought this action under 42 U.S.C. § 1983 and for common-law tort claims. Amended Complaint, Dkt. 16. The tort claims have been dismissed. Dkt. 37. Defendants have moved for summary judgment on the § 1983 claim. Dkt. 42.

Plaintiffs now move to voluntarily dismiss this case under Federal Rule of Civil Procedure (FRCP) 41(a)(2). Plaintiffs ask "that this Court grant leave to dismiss the case in Federal Court and to re-file the case in the Puyallup Tribal Court." Dkt. 48-1. The defendants agree with the plaintiffs' motion to dismiss, assert that the dismissal should be with prejudice, and object to the plaintiffs' request for leave to file the case in Puyallup Tribal Court. Dkt. 49.

## DISCUSSION

Rule 41(a)(2) governs the voluntary dismissal of an action in federal court. It provides that unless a plaintiff files a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment, or the parties stipulate to the dismissal of the action, "[a]n action may be dismissed at the plaintiff's request only by court order, on terms that the court

ORDER GRANTING IN PART MOTION FOR LEAVE TO
DISMISS AND DENYING MOTION FOR SUMMARY
JUDGMENT AS MOOT - 1

considers proper." *Id.* The decision to grant or deny a motion pursuant to Rule 41(a)(2) is within the sound discretion of the trial court and may be reviewed only for abuse of that discretion. *Zanowick v. Baxter Healthcare Corp.*, 850 F.3d 1090, 1093 (9th Cir. 2017).

The Court should grant a motion for voluntary dismissal under Rule 41(a)(2) unless a defendant can show that it will suffer plain legal prejudice from the dismissal. *Smith v. Lenches*, 263 F.3d 972, 975 (9th Cir. 2001); *Westlands Water Dist. v. United States*, 100 F.3d 94, 97 (9th Cir. 1996) (finding that legal prejudice is prejudice to some legal interest, some legal claim, or some legal argument).

Rule 41 also provides that orders that fail to specify whether dismissal is with or without prejudice are to be interpreted as dismissals without prejudice. FRCP 41(a)(2); *Hargis v. Foster*, 312 F.3d 404, 412 (9th Cir. 2002). The Court has broad discretion and FRCP 41(a) "does not contain a preference for one kind of dismissal or another." *Hargis*, 312 F.3d at 412; 9 Charles Alan Wright & Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE § 2367 (3d ed. 2007) ("[I]f the plaintiff either moves for dismissal without prejudice or fails to specify whether the request is for dismissal with or without prejudice, the matter is left to the discretion of the court. The trial court may grant a Rule 41(a) dismissal without prejudice or may require that the dismissal be with prejudice.").

Here, dismissal with prejudice is appropriate under Rule 41(a)(2).

A plaintiff cannot maintain a § 1983 action in federal court by alleging a deprivation of constitutional rights under color of tribal law. *Evans v. McKay*, 869 F.2d 1341, 1347 (9th Cir. 1989). Plaintiffs concede based on defendants' declarations "that the Defendants were not enforcing state or municipal laws at the time of the incident, but were only dealing with traffic

and parking ordinances of the Puyallup Tribe on Puyallup Tribal property. As such, 42 U.S.C. 1983 et seq., is not applicable." Dkt. 48, p. 2.

Plaintiffs concede their § 1983 lawsuit fails to state a claim for relief, as a matter of law, in this Court. *See R.J. Williams Co. v. Fort Belknap Housing Authority,* 719 F.2d 979, 981-82 (9th Cir. 1983). Dismissal of that claim with prejudice is therefore appropriate. *Albrecht v. Lund,* 845 F.2d 193, 195, *amended by* 856 F.2d 111 (9th Cir. 1988) (District Court's dismissal with prejudice and without leave to amend was appropriate where any allegation of other facts consistent with the pleading at issue could not possibly cure the problem with the pleading).

Plaintiffs request, in addition to dismissal, "this Court grant leave . . . to re-file the case in the Puyallup Tribal Court." Dkt. 48-1. The Court will not provide an opinion about whether any lawsuit may be filed by plaintiffs in Puyallup Tribal Court.

Accordingly, it is ORDERED:

- Plaintiff's motion for voluntary dismissal, Dkt. 48, is GRANTED IN PART; THE COURT DENIES the request for an opinion regarding potential filing in Puyallup Tribal Court.
- The amended complaint, Dkt. 16, is DISMISSED with prejudice.
- Defendant's motion for summary judgment, Dkt. 42, is DENIED as moot.

Dated this 25th day of March, 2019.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge

ORDER GRANTING IN PART MOTION FOR LEAVE TO
DISMISS AND DENYING MOTION FOR SUMMARY
JUDGMENT AS MOOT - 3